**MUDRICK'S INC., Appellant**

v.

**NATIONAL SURETY CORPORA-
TION et al.**

No. 24215.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 21, 1970.

Decided Jan. 28, 1971.

Mr. Werner Strupp, Washington, D.
C., for appellant.

Mr. F. Wainwright Barnes, Washington, D. C., with whom Mr. Denver H. Graham, Washington, D. C., was on the brief, for appellees National Surety Corporation, Reliance Ins. Co. and Centennial Ins. Co.

Mr. Austin F. Canfield, Jr., Washington, D. C., for appellee Great American Ins. Co.

Before McGOWAN and TAMM, Circuit Judges, and SMITH,* Chief Judge, U. S. District Court for the District of Montana.

PER CURIAM:

In this insured-insurers litigation, growing out of the "business interruption" clause of four policies, the learned trial judge granted summary judgment in favor of the insurance carriers. Appellant's claims for damage to its place of business grew out of the civil disturbances which occurred in the District of Columbia on April 4th and 5th, 1968, and both its interest and those of the appellees were represented by adjusting companies or bureaus during the period between the damage and the filing in the District Court of the suits here involved.

In ultimate dispute is basically the question whether appellant's claims are barred for failure to comply with the proof of loss provisions contained in the insurance policies. Determinative of the answer to this question appear, on the record before us at this time, to be two independent factors each of which may be of varying importance to the proper disposition of the case. The first element grows out of the factual question whether any legally recognizable proof of loss was filed within the time periods required for such filing by the policies and the several extensions granted thereto in behalf of the carriers. This element is presently complicated by the parties' dispute as to the exact meaning and significance of the term "date of loss" when used in a business interruption clause, *id est,* whether the date of

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

loss is based upon the date of the original damage to the property or is fundamentally predicated upon the date of the reopening of the business. Enmeshed in this element, and essential to its determination, is the question whether the appellant ever at any time filed a valid proof of loss. Available to counsel but not a part of the record before us is a document dated or submitted on October 24, 1968, which purports by appellant's claim to be a proof of loss described as "apparently largely preliminary or tentative." (Brief for Appellant at 4.) This document was rejected by appellees as "deficient in providing information required by policy contract." We are unable, of course, to weigh the legal impact or significance of this document, and are also unable to determine whether the trial judge considered its significance or lack of it in granting appellees' motion for summary judgment.[1] The colloquy between court and counsel at the argument of the summary judgment motion leaves us in serious doubt as to the specific reason or reasons why this motion was granted. We believe in the interest of a proper adjudication of the merits of this case it is necessary for us to remand the proceedings to the District Court for the development there of a more complete record. In so doing we do not preclude the possibility of an ultimate disposition by summary judgment proceedings, nor do we negate the possibility of other disposition including a trial on the merits. The method and means of disposition are to be within the discretion of the District Court. The exercise of this discretion should be withheld to permit both appellant and appellees to file such additional pleadings, affidavits, and exhibits as will assure a complete record, and an affirmative statement of the reasons why disposition is made without a trial on the evidence if such disposition is the judgment of the District Court.

Remanded for further proceedings in accord with this opinion.

---

1. There are some indications in the record as to why the trial judge may not have considered all questions raised by the document submitted October 24, 1968. Statements appearing in the plaintiff's "Statement of Genuine Issues under Rule 9(h)" and in the transcript of the hearing on the summary judgment motion might have caused him to believe that Mudrick's conceded the invalidity of this document. (App. 31, 43.) Counsel for the appellee stated during oral argument before us that he thought this point was conceded. If the trial judge did in fact believe the document was acknowledged to be inadequate for its purpose, he obviously would have had no need to pass on its timeliness. During his oral argument counsel for the appellant implied that the seemingly misleading statements were made because he had not seen the purported proof of loss at the time the motion for summary judgment was heard and thus was forced to discuss it hypothetically. While we do not find this explanation completely adequate, we do feel that in fairness to all parties we should refrain from making a judgment on the merits until the confusion surrounding the purported proof of loss is resolved.